ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MICHELLE LO (NYBN 4325163)
Chief, Civil Division

DAVID M. DEVITO (CABN 243695)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7332
    Facsimile: (415) 436-6748
    david.devito@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM NATIONAL COURT OF FIRST INSTANCE ON CIVIL MATTERS NO. 2 OF THE AUTONOMOUS CITY OF BUENOS AIRES, ARGENTINE REPUBLIC | Case No. 3:23-mc-80333<br><br>**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782(a)** |

The United States of America, by and through counsel, respectfully submits this Memorandum of Law in Support of its Ex Parte Application for Order Pursuant to 28 U.S.C. § 1782, to execute a Letter of Request from the National Court of First Instance on Civil Matters No. 2 of the Autonomous City of Buenos Aires, Argentine Republic ("Argentine Court") for international judicial assistance to obtain certain information from Google LLC ("Google"), a limited liability company located at 1600 Amphitheatre Parkway, Mountain View, CA 94043.[1]

## INTRODUCTION

The request for international judicial assistance comes from the National Court of First Instance on Civil Matters No. 2 of Buenos Aires, Argentine Republic.  Specifically, the Argentine Court has issued a Letter of Request dated August 8, 2023, requesting judicial assistance to obtain information from Google in connection with a judicial proceeding before the Argentine Court captioned *Roman Ezequiel Sivori v. Farolatino S.A., et al.*, Ref. No. 1124/2022.  Declaration of David M. DeVito ("DeVito Decl.") ¶ 2; DeVito Decl. Ex. 1 (Letter of Request).

The facts of this case, as stated in the Letter of Request, indicate that this matter is a civil proceeding filed before the Argentine Court by one Roman Ezequiel Sivori against Farolatino S.A. and BMG Industrias del Disco S.A. regarding a claim for royalties due for the marketing of the plaintiff's musical works through digital channels allegedly received by the defendants.  DeVito Decl. Ex. 1 (Letter

---

[1] "Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte." *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976).  "[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte.  The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45([d])(3)."  *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012); *see In re Letters Rogatory from Tokyo*, 539 F.2d at 1219 (respondents can "raise[] objections and exercise[] their due process rights by motions to quash the subpoenas"); *accord, e.g.*, *In re Request for Judicial Assistance from Obolonskyi Dist. Ct. in Kyiv, Ukraine*, No. 20-mc-80023-JSC, 2020 WL 571032, at *2 (N.D. Cal. Feb. 5, 2020) ("[T]he instant ex parte application is an acceptable method of requested discovery under Section 1782.") (citing *In re Letters Rogatory from Tokyo*, 539 F.2d at 1219); *In re Request for Int'l Judicial Assistance from Nat'l Ct. Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *2 (N.D. Cal. Mar. 11, 2015) (same); *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) ("It is common for parties to file ex parte applications, as parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.") (internal quotation marks omitted).
 While these applications are generally filed ex parte, they do not need to be filed under seal.  *See, e.g.*, *In re Mut. Assistance of Local Ct. of Wetzlar, Germany*, No. 1:17-c-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018).

of Request). The Argentine Court is requesting information from Google regarding payments made by Google to parties claiming economic rights in the plaintiff's musical works, traffic generated on YouTube by the plaintiff's musical works, and the identity of parties to which Google made such payments and/or sent reports on such traffic. *Id.*

The Argentine Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance ("OIJA") in Washington, D.C., pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 ("Hague Evidence Convention"). DeVito Decl. ¶ 2; DeVito Decl. Ex. 1 (Letter of Request). The request was then transmitted to the United States Attorney's Office for the Northern District of California for execution in accordance with 28 C.F.R. § 0.49(c). DeVito Decl. ¶ 2.

On August 28, 2023, the undersigned Assistant United States Attorney ("AUSA") contacted Google, sent Google the Letter of Request, and asked whether Google would voluntarily produce the requested information. DeVito Decl. ¶ 4. On October 26, 2023, the undersigned spoke with a representative of Google, who advised that Google declines to produce the requested information without a subpoena or court order. *Id.* ¶ 5.

To execute the Argentine Court's request for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782.

## DISCUSSION

### I. The Hague Evidence Convention

The Hague Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." Hague Evidence Convention pmbl. The Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court*, 482 U.S. 522, 524 (1987). The Hague Evidence Convention is in force in both the United States and Argentina. Hague Conference on Private International Law, Status Table for the

Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, *available at* https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited December 18, 2023).

Article 10 of the Hague Evidence Convention provides that:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

Hague Evidence Convention art. 10.  Furthermore, Article 9 of the Hague Evidence Convention provides in relevant part that "[t]he judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed" and that "[a] Letter of Request shall be executed expeditiously."  *Id.* art. 9.

Under Article VI of the United States Constitution, treaties, such as the Hague Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts.  See *Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971); *see also Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state and federal courts pursuant to the Supremacy Clause") (Rodgers, J., concurring) (quoting *Medellin v. Texas*, 552 U.S. 491, 510 (2008)); *Bishop v. Reno*, 210 F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a treaty") (quoting *Reid v. Covert*, 354 U.S. 1, 18 (2000)).

## II.   Statutory Considerations Weigh in Favor of Granting the United States' Application

The authority for this Court to assist foreign tribunals in obtaining testimony is contained in 28 U.S.C. § 1782.  This section states:

> Assistance to foreign and international tribunals and to litigants before such tribunals
>
> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.  By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the

> practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a); *see also Aérospatiale*, 482 U.S. at 529 (providing a brief history of the Hague Evidence Convention). Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g.*, *In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153–54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel*, 542 U.S. 241; *In re Request for Judicial Assistance from Obolonskyi Dist. Ct. in Kyiv, Ukraine*, No. 20-mc-80023-JSC, 2020 WL 571032, at *2 (N.D. Cal. Feb. 5, 2020) ("[T]he twin aims of Section 1782[ are] providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts.") (internal brackets omitted). District courts have routinely appointed AUSAs to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts in response to a request for assistance. *See, e.g.*, *In re Clerici*, 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of AUSA as commissioner to obtain sworn answers to questions posed in letters rogatory); *In re Request from Obolonskyi Dist. Ct.*, 2020 WL 571032, at *3 (appointing AUSA as commissioner to obtain information); *In re Request for Int'l Judicial Assistance from Nat'l Ct. Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *2 (N.D. Cal. Mar. 11, 2015) (same).

This Court is authorized to provide assistance to the Argentine Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person or document for which discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." *In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery*, 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*,

376 F.3d 79, 83 (2d Cir. 2004); *see also* S. Rep. No. 88-1580, at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3782 (providing Congress' general statement regarding the purpose behind the statute); *Intel*, 542 U.S. at 248–49 (providing a brief history of § 1782 and federal court aid to foreign tribunals).

Here, each of these threshold statutory requirements is met.  First, Google "resides or is found in" the Northern District of California because its offices are located in Mountain View, California. Google, *About Google*, https://about.google/contact-google/ (last visited December 18, 2023); *accord United States v. Google LLC,* --- F. Supp. 3d ----, No. 23-mc-80149-PHK, 2023 WL 5725518, at *4 (N.D. Cal. Sept. 5, 2023).  Second, the Letter of Request demonstrates that the information is for use in a proceeding before a foreign tribunal.  DeVito Decl. Ex. 1 (Letter of Request).  Third, the Letter of Request itself also reflects that the application "is made by a foreign or international tribunal," namely, the Argentine Court.  *Id.*

### III. Discretionary Considerations Weigh in Favor of Granting the United States' Application

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264.  Indeed, § 1782 "affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals." *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000) (citing *In re Esses*, 101 F.3d 873, 876 (2d. Cir. 1996)). The Supreme Court has set forth certain discretionary factors for a district court to consider before granting a request for judicial assistance:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264–65.  "In exercising its discretion under § 1782, the district court should be guided by the statute's 'twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424 (quoting *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)); *accord, e.g.*, *In re Request from Obolonskyi Dist. Ct.*, 2020 WL 571032, at *2 (same); *In re Request from Republic of Korea*, 2015 WL 1064790, at *2 (same).

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech Republic*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010); *see also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). Google is not a party to the proceedings and is not subject to the Argentine Court's jurisdiction because it is located in California; thus, the first factor weighs in favor of granting the motion. *See In re Request from Obolonskyi Dist. Ct.*, 2020 WL 571032, at *3 (fact that "[requested party] is not a party to the [foreign] action, and therefore discovery regarding its records is unattainable absent Section 1782(a) aid" weighs in favor of authorizing discovery).

With respect to the second factor, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Argentine Court or the character of the proceedings. Additionally, this request was initiated by the Argentine Court and not by an independent party; therefore, the Argentine Court is clearly receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See id.* (fact that "the [foreign] Court has requested assistance in obtaining this discovery" weighs in favor of authorizing discovery).

With respect to the third factor, because the requester is the Argentine Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Argentina's discovery rules or to thwart policies of either the United States or Argentina. *See id.* (where the foreign court itself has requested assistance, "[t]here is nothing to suggest that the request here is an attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States") (internal quotation marks omitted).

And with respect to the fourth factor, the request is narrowly tailored—seeking information specifically related to YouTube traffic generated by and payments made regarding the Argentine plaintiff's musical works during a specified time period—and therefore would not be unduly intrusive or burdensome. *See, e.g.*, *Google*, --- F. Supp. 3d at ----, 2023 WL 5725518, at *9 (finding proposed subpoena to Google for information about a user, including the "name, gender, phone number, and date

of birth, for the individual(s) who used a specific Google email account during a specific date range," was "not overbroad, unduly intrusive, or burdensome").

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Argentine Court.

## CONCLUSION

Attached as Exhibit 2 to the Declaration of David M. DeVito is the proposed subpoena that this office intends to serve (in substantially similar format) on Google should the Court grant the Application pursuant to 28 U.S.C. § 1782. Upon receipt, responses to the subpoena will be sent to the Department of Justice, Civil Division, OIJA, for transmission to the Argentine Court.

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form attached to the Application, appointing AUSA David M. DeVito as Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance.

DATED: December 18, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*s/David M. DeVito*
DAVID M. DEVITO
Assistant United States Attorney

Attorneys for the United States of America