UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| In re Application of<br><br>UNITED STATES OF AMERICA,<br><br>Applicant. | Case No. 23-mc-80333-LB<br><br>**ORDER REGARDING PROCEDURE FOR SECTION 1782 APPLICATION**<br><br>Re: ECF No. 1 |

The United States applied under 28 U.S.C. § 1782 for an order permitting it to subpoena information from Google that is responsive to a Letter of Request from the National Court of First Instance on Civil Matters No. 2 of Buenos Aires, Argentine Republic, issued in connection with a judicial proceeding before the Argentine Court captioned *Roman Ezequiel Sivori v. Farolatino S.A., et al.*, ref. No. 1124/2022.[1] The United States served the application and supporting documents on Google, which said that it would not produce information voluntarily and instead wanted a court order.[2]

---

[1] Appl. – ECF No. 1; DeVito Decl. – ECF No. 1-2 at 2–3; Letter of Request, Ex. 1 to *id.* – ECF No. 1-3; Proposed Subpoena, Ex. 2 to *id.* – ECF No. 1-4. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] DeVito Decl. – ECF No. 1-2 at 2 (¶ 5).

ORDER – No. 23-mc-80333-LB

Section 1782 provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). Section 1782 applications are case-dispositive matters and "a magistrate judge may not issue binding rulings on case-dispositive matters without the parties' consent." *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 807–08 (9th Cir. 2022).

Without the consent of all parties, the undersigned lacks jurisdiction to enter an order resolving the United States' application. Accordingly, the court orders the following process to position the matter for decision.

First, the court assumes — given that the United States has already served Google — probably the United States does not intend the application to be considered ex parte. If the court is missing something, the United States can file a statement within seven days that it wants the matter considered ex parte, and the matter will be randomly reassigned to a district judge.

Second, assuming that the United States does not ask that the application be considered ex parte, it must, again within seven days of this order, serve Google with (1) this order and (2) the application and all associated documents (ECF Nos. 1 to 1-6).

Third, within fourteen days of the date Google is served by the United States, Google must serve and file responses to the application. If it does not do so, the matter will be randomly reassigned to a district judge.

Fourth, if Google files a response to the application, the court will issue a letter advising that all parties must, within seven days of the letter, file a consent or declination to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c).

Fifth, if all parties consent within that time period, the undersigned will enter an order resolving the application. Otherwise, the matter will be randomly reassigned to a district judge.

**IT IS SO ORDERED.**

Dated: December 22, 2023

LAUREL BEELER
United States Magistrate Judge